## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARY BETH BUSH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | Div. |
| | ) | |
| CITY OF GARDNER, | ) | |
| [Serve:  Mayor Chris Morrow | ) | |
|          120 E. Main Street | ) | |
|          Gardner, KS   66030] | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff Mary Beth Bush, by and through counsel, and for her causes of action against Defendant City of Gardner states and alleges the following:

## NATURE OF CLAIM

1.     This case is brought by Plaintiff Mary Beth Bush against Defendant City of Gardner seeking monetary damages to redress the deprivation of rights accorded to Plaintiff under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, as amended, and the Age Discrimination in Employment Act ("ADEA").  Plaintiff is a former employee of Defendant whose employment position was eliminated and employment as Administrative Services Manager was terminated based on age discrimination, race discrimination, and retaliation.

2.     On January 26, 2015, Plaintiff complained to her employer about the age discrimination and race discrimination she and other employees were experiencing in their employment with the City of Gardner.   Plaintiff was thereafter subject to further age discrimination, race discrimination, and retaliation.

3.     Plaintiff Mary Beth Bush is a Caucasian female residing in Gardner, Kansas.

4. Defendant City of Gardner is a municipal corporation which is operating in Kansas and has offices in Johnson County, Kansas.

5. The wrongful practices alleged herein occurred in Johnson County, Kansas.

6. This Court has jurisdiction, and venue is appropriate.

7. On June 17, 2015, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission.

8. Plaintiff received her Notice of Right to Sue from the Equal Employment Opportunity Commission dated July 20, 2016. This lawsuit is commenced within 90 days of the date of the Notice of Right to Sue.

## ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiff Mary Beth Bush began working for Defendant City of Gardner in October of 2006 as Human Resources Manager.

10. In January of 2013, Plaintiff Mary Beth Bush became Administrative Services Manager for Defendant City of Gardner. As Manager of Administrative Services, Plaintiff Mary Beth Bush was responsible for managing five divisions of the City.

11. At all times since becoming Administrative Services Manager, Plaintiff Mary Beth Bush excelled in her performance of the responsibilities of that position.

12. During her eight years of employment with the Defendant City of Gardner, Plaintiff Mary Beth Bush was reviewed as a top performer on all of her employee evaluations.

13. In her October of 2014 performance review, Plaintiff Mary Beth Bush was given an above-average score of 2.81 on a 3.0 scale, and her performance was recognized as being at such a high level that she received a merit pay increase. The following were some of the review comments on this October, 2014 performance review:

2

- "Customer service is one of Mary's strengths. She consistently displays a high level of customer service."

- "Mary strives hard to work with all departments and often goes beyond her required duties to demonstrate teamwork."

- "Mary does an excellent job on presentations and staff training."

- "Excellent demonstration of leadership!"

- "Mary demonstrates a high level of professionalism. I encourage her to continue to work on challenging situations at Council meetings."

- "Mary has a good sense of how to communicate with staff at all levels."

- "The quality of Mary's work is good. She consistently produces large volumes of work within established time frames."

- "Mary is good at seeking input on tasks and performance. When a mistake is pointed out to her, she accepts responsibility and discusses corrective action for the future."

- "In spite of the constant demands to complete many tasks, Mary remains positive. She was tasked with accomplishing many new goals last year and displayed a 'can do' attitude each time."

- "Mary is always certain to follow procedures and department policies."

- "Mary has acquired new divisions and is still learning new duties. She has shown tremendous ability to manage multiple new tasks."

- "Over the course of the last year, Mary developed a strong sense of visionary, strategic thinking skills. She has been able to utilize these skills to guide her department."

- "Mary has been a great resource for the department and the City."

- "Mary has an excellent attitude about the organization's extensive changes."

- "Mary does not wait to be told to move forward on tasks. She thinks carefully about a course of action and is confident in the execution of tasks."

- "Mary demonstrates the ability to grasp the message of difficult situations, even if they are presented without being overt."

- "Mary is responsible for training Citywide. She does an excellent job. In addition, she identified good training opportunities for the leadership team.

- "Mary is prepared in staff meetings and does an excellent job preparing for our one-on-one briefings. She provides agendas and appropriate back-up materials to discuss the topics."

- "Mary has shown significant growth last year in the level of work produced for Council meetings. I am pleased that she is able to anticipate problematic situations and develops a strategy for addressing them before they arise."

14. Cheryl Harrison-Lee was hired by Defendant City of Gardner as City Administrator in 2012.

15. In her actions in 2013 and 2014 as City Administrator, Cheryl Harrison-Lee had engaged in a series of age discriminatory, racially discriminatory and other wrongful actions toward Plaintiff and other employees of the City of Gardner.

16. City Administrator Cheryl Harrison-Lee referred to Plaintiff and the other older, Caucasian employees of Defendant City of Gardner as the "farm league."

17. On or about January 26, 2015, Plaintiff complained to Defendant about the age and race discrimination she and other employees of the City of Gardner were experiencing due to the conduct of City Administrator Cheryl Harrison-Lee.

18. In the January 26, 2015 complaint letter, Plaintiff noted her concerns regarding the discrimination being engaged in toward Plaintiff and other employees of the City of Gardner by City Administrator Cheryl Harrison-Lee.

19. In the January 26, 2015 complaint letter, Plaintiff noted her concerns were that the City Administrator was applying different terms and conditions of employment for Plaintiff and others, and that she was also creating a hostile work environment.

20. In the January 26, 2015 complaint letter, Plaintiff references Title VII of the Civil Rights Act of 1964 and the Age Discrimination of Employment Act of 1967 as Federal

4

discrimination laws which prohibit the hostile environment being created by City Administrator Cheryl Harrison-Lee.

21. In a February 2, 2015 email, Plaintiff Mary Beth Bush further noted that she was extremely concerned about the current culture at the City and how employees are treated.

22. In her February 2, 2015 email, Plaintiff Mary Beth Bush identified several prior and current employees who had been subjected to a discriminatory and hostile environment by City Administrator Cheryl Harrison-Lee.

23. In her February 2 2015 email, Plaintiff Mary Beth Bush identified several prior employees who were being forced out and/or terminated based on age and race discrimination.

24. In her February 2, 2015 email, Plaintiff also noted the failure of the City Administrator to follow recruiting, hiring and pay policies and procedures.

25. By virtue of her January 26, 2015 communication and the February 2nd email to Defendant, as well as other subsequent communications, Plaintiff engaged in "protected activity" within the meaning of Title VII and pursuant to 42 U.S.C. §1981.

26. Following her January 26th complaint letter and February 2nd email, Plaintiff suffered further age and race discrimination, as well as retaliation, by virtue of a hostile work environment, interference with the ability to do her job, and having many of her job duties taken away, one-by-one and without prior notice.

27. The age discrimination, race discrimination, and retaliation continued against Plaintiff when Plaintiff was told on March 6, 2015, that her job was being eliminated by the City of Gardner due to restructuring.

28. Plaintiff had been requested to attend the March 6th meeting and told that the purpose of the meeting was to report to Plaintiff the results of the City's investigation into

5

Plaintiff's complaints of discrimination.

29. At the March 6th meeting, Plaintiff was told that the City did not find merits in her complaints of discrimination <u>and</u> that her job was being eliminated.

30. In the March 6th meeting, the City claimed its decision regarding the elimination of Plaintiff's position was made before her January 26th complaint, but there had been no prior discussions with Plaintiff regarding such restructuring and Plaintiff had seen no documents regarding the restructuring prior to her discrimination complaints.

31. At the March 6th meeting, Defendant indicated that it would offer Plaintiff a Special Events Coordinator position.

32. The Special Events Coordinator position was never approved or funded by Defendant.

33. The Special Events Coordinator position would have involved a significant reduction in pay and demotion to a position several pay grades below that which Plaintiff occupied.

34. The Special Events Coordinator would have entailed a significant negative effect on Plaintiff's pension.

35. Defendant did not follow its normal process in the elimination of Plaintiff's position.

36. During the time period after Plaintiff's complaints of discrimination and thereafter, Defendant engaged in retaliation against Plaintiff in the terms and conditions of her employment.

37. The retaliation engaged in by Defendant against Plaintiff included the elimination of Plaintiff's position, and the termination of her employment as Administrative Services Manager.

38. The retaliation engaged in by Defendant against Plaintiff has also included removal of her job duties and a hostile working environment.

39. Plaintiff has been discriminated against based on her age and race, and she has also been retaliated against by Defendant. This age discrimination, race discrimination, and retaliation has been in false criticisms, the taking away of her job duties, the elimination of her position, the termination of her employment as Administrative Services Manager, and in other terms and conditions of her employment.

40. Plaintiff has been damaged by this discrimination and retaliation in financial losses, emotional distress, and in other respects.

41. Since the hiring of Cheryl Harrison-Lee as City Administrator, Defendant has displayed a pattern and practice of age discrimination, race discrimination toward Caucasians, and retaliation in employment.

## COUNT I – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

42. Plaintiff hereby incorporates all other paragraphs in this Complaint, by reference, as if fully set forth herein.

43. Plaintiff hereby incorporates all other paragraphs in this Complaint, by reference, as if fully set forth herein.

44. Defendant treats younger employees more favorably than older employees.

45. Defendant subjected Plaintiff to unequal work terms, conditions, and standards, with age as a motivating factor and based on her age.

46. Defendant falsely reprimanded Plaintiff and falsely disciplined Plaintiff, all with age as a motivating factor and based on her age.

47. Defendant took away job duties, eliminated Plaintiff's position, and terminated Plaintiff from her position of Administrative Services Manager with age as a motivating factor and based on her age.

48. Defendant's conduct constitutes intentional discrimination on the basis of age, with malice and/or disregard of Plaintiff's known rights.

49. Defendant's conduct constitutes disparate treatment and intentional discrimination of Plaintiff based on age.

50. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, lost value of anticipated retirement benefits, detrimental job record, career damage and diminished career potential, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses. Plaintiff is also entitled to appropriate equitable relief.

51. The conduct of Defendant was intentional, malicious, in conscious disregard for the rights of Plaintiff and others similarly situated, and reflected a conscious indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages.

52. Plaintiff is entitled to recover all of her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate relief.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, compensatory and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT II – RACE DISCRIMINATION
## 42 U.S.C. §1981

53. Plaintiff hereby incorporates all other paragraphs in this Complaint, by reference, as if fully set forth herein.

54. Defendant's City Administrator treats Caucasian employees in a discriminatory

8

manner based on their Caucasian race.

55. Defendant subjected Plaintiff to unfair work terms, conditions, and standards, with race as a motivating factor and based on her Caucasian race.

56. Defendant falsely reprimanded Plaintiff and falsely disciplined Plaintiff, all with race as a motivating factor and based on her Caucasian race.

57. Defendant took away job duties, eliminated Plaintiff's position, and terminated Plaintiff from her position of Administrative Services Manager with race as a motivating factor and based on her Caucasian race.

58. Defendant's conduct constitutes intentional discrimination on the basis of race, with malice and/or disregard of Plaintiff's known rights.

59. Defendant's conduct constitutes disparate treatment and intentional discrimination of Plaintiff based on race.

60. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future wages and benefits, lost value of anticipated retirement benefits, detrimental job record, career damage and diminished career potential, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses.   Plaintiff is also entitled to appropriate equitable relief.

61. The conduct of Defendant was intentional, malicious, in conscious disregard for the rights of Plaintiff and others similarly situated, and reflected a conscious indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages.

62. Plaintiff is entitled to recover all of her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate relief.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, compensatory and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## COUNT III – RETALIATION
## TITLE VII, ADEA, AND 42 U.S.C. §1981

63. Plaintiff hereby incorporates all other paragraphs in this Complaint, by reference, as if fully set forth herein.

64. Plaintiff engaged in protected activity when she complained of age and race discrimination to which she and other employees were being subjected.

65. Plaintiff was subjected to adverse employment actions, including, without limitation, receiving reprimands and disciplines and having her job eliminated and her employment terminated.

66. As a result of and in retaliation for engaging in the protected activities described above, Plaintiff was subjected to adverse employment actions.

67. In retaliation for Plaintiff's protected activities, Defendant subjected Plaintiff to unequal work terms, conditions, and standards.

68. In retaliation for Plaintiff's protected activities, Defendant falsely reprimanded Plaintiff and falsely disciplined Plaintiff.

69. In retaliation for Plaintiff's protected activity, Defendant took away job duties, eliminated Plaintiff's position, and terminated Plaintiff from her position of Administrative Services Manager

70. As a direct and proximate result of the unlawful conduct of Defendant as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past

and future wages and benefits, loss of value of anticipated retirement benefits, a detrimental job record, career damage and diminished career potential, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses.   Plaintiff is also entitled to appropriate equitable relief.

71. The conduct of Defendant was intentional, malicious, in conscious disregard for the rights of Plaintiff and others similarly situated, and reflected a conscious indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages.

72. Plaintiff is entitled to recover all of her costs, expenses, expert witness fees, and attorneys' fees incurred in this matter as well as other appropriate relief.

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages, compensatory and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues of fact and damages in this action.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Kansas, as the place for trial of this matter.

Date:   October 4, 2016                    Respectfully Submitted,

                                                      WALTERS BENDER STROHBEHN
                                                          & VAUGHAN, P.C.


                                                   */s/ Dirk Hubbard*
Dirk Hubbard, KS Bar #15130
2500 City Center Square
1100 Main
P.O. Box 26188
Kansas City, MO 64196
(816) 421-6620
(816) 421-4747 (Facsimile)
dhubbard@wbsvlaw.com

-and-

WHITE, GRAHAM, BUCKLEY & CARR LLC
Gene Graham, Jr.
Deborah Blakely, KS Bar #19010
19049 East Valley View Parkway, Ste. C
Independence, Missouri 64055
(816) 373-9080
Fax: (816)373-9319

**ATTORNEYS FOR PLAINTIFF**